UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ELI LILLY AND COMPANY, et al.,

        Plaintiffs,

        v.                                       Case No. 17-C-703

ARLA FOODS INC. d/b/a
ARLA FOODS INC. USA, et al.,

        Defendants.

**DECISION AND ORDER DENYING MOTION TO DISMISS
AND MOTION FOR A STAY OF PRELIMINARY INJUNCTION PENDING APPEAL**

Plaintiffs Eli Lilly and Company and Elanco US Inc. (collectively "Elanco") filed this action asserting violations of the Lanham Act, 15 U.S.C. § 1125(a) and Wisconsin Statue § 100.20(1) against Defendants Arla Foods Inc., USA and Arla Foods Production LLC (collectively "Arla"). Elanco also moved for a preliminary injunction to enjoin Arla from using its "Live Unprocessed" advertising campaign to the extent it made false or misleading statements about rbST, which the court granted in part on June 15, 2017. Arla has now appealed the order granting the preliminary injunction. Currently before the court are Arla's motions to dismiss (ECF No. 27) and for a stay of the preliminary injunction pending resolution of the appeal (ECF No. 42). The facts of the case are set forth in the court's preliminary injunction order and will not be repeated here. For the reasons set forth below, Arla's motions will be denied.

**1. Motion to Dismiss**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction and can only

hear "Cases" and "Controversies" as authorized by Article III of the Constitution. *Flast v. Cohen*, 392 U.S. 83, 94 (1968). The plaintiff bears the burden of proving that subject matter jurisdiction exists. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). To establish Article III standing, the plaintiff must show: (1) it suffered an "injury in fact," which is a concrete, particularized, and actual or imminent invasion of a legally protected interest; (2) a fairly traceable causal connection between the injury and the conduct complained of; and (3) it is likely that the injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court "construe[s] the complaint in the light most favorable to the plaintiffs, accepting as true all well-pled facts alleged, taking judicial notice of matters within the public record, and drawing all reasonable inferences in the plaintiffs' favor." *Adkins v. VIN Recycling, Inc.*, 644 F.3d 483, 492–93 (7th Cir. 2011).

Here, Arla contends that Elanco's claims should be dismissed under Rule 12(b)(1) for lack of Article III standing and under Rule 12(b)(6) for the failure to state either a Lanham Act claim or a claim under Wisconsin law. Arla argues that Elanco's amended complaint fails to allege that Arla's actions proximately caused Elanco's injuries. In support, Arla raises many of the same arguments it set forth in its brief in opposition to Elanco's motion for a preliminary injunction: the causal chain connecting Arla's advertisements to Elanco's injuries is far too remote and speculative to establish a "fairly traceable" injury; Elanco fails to show specific harm that flows directly from Arla's

campaign to Elanco as required for a Lanham Act claim pursuant to *Lexmark Int'l. Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377 (2014); and that Elanco failed to establish a causal connection under Wis. Stat. § 100.20(5) between Arla's advertisements and its pecuniary loss.

I addressed Arla's standing arguments in detail in my decision and order granting in part and denying in part Elanco's motion for a preliminary injunction. On the issue of Article III standing, I found that Elanco established standing based upon its allegation that it suffered both reputational and economic harm as a result of Arla's advertising campaign and concluded that "[t]hese allegations are sufficient to establish that Elanco has suffered, or is at least imminently threatened with, a concrete and particularized injury that is fairly traceable to Arla's advertising campaign." (ECF No. 37 at 10.) I also addressed Arla's contention that any connection between its advertising campaign and injury to Elanco is too tenuous to establish a Lanham Act claim. I concluded that Elanco's allegations were sufficient to establish a Lanham Act claim despite the number of intervening parties because an "alleged reputational attack on rbST is necessarily a reputational attack on Posilac®, one of Elanco's major products." (*Id.* at 9.) Finally, I concluded that Elanco sufficiently alleged a claim under Wis. Stat. § 100.20 based upon its claim that Arla's advertising campaign proximately caused its pecuniary harm.

In sum, I concluded at the preliminary injunction stage that Elanco has Article III standing and has successfully stated claims under the Lanham Act and Wis. Stat. § 100.20. Nothing Arla has put forward in its motion to dismiss disturbs those conclusions. Accordingly, Arla's motion to dismiss is denied and the court now turns to Arla's motion to stay enforcement of the preliminary injunction pending appeal.

**2. Motion to Stay**

A district court may stay an injunction pending appeal. Fed. R. Civ. P. 62(c). The legal standard for granting a stay pending appeal is similar to that for granting a preliminary injunction: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Frank v. Walker*, Case No. 11-C-1128, 2016 WL 4059226, *1 (E.D. Wis. July 29, 2016) ("Because the legal standard for granting a stay pending appeal mirrors that for granting a preliminary injunction, and because I have already determined that the plaintiffs are entitled to a preliminary injunction, I conclude that the defendants are not entitled to a stay pending appeal."). "As with a motion for a preliminary injunction, a 'sliding scale' approach applies; the greater the moving party's likelihood of success on the merits, the less heavily the balance of harms must weight in its favor and vice versa." *In re A&F Enters.*, 742 F.3d 763, 766 (7th Cir. 2014).

A party need only establish "something less than a fifty percent chance of success" on appeal to demonstrate that a stay is appropriate. *Abbott Labs v. Sandoz, Inc.*, 500 F. Supp. 2d 846, 849 (N.D. Ill. 2007). Arla asserts that there are several grounds which demonstrate a substantial likelihood that this court's order granting the preliminary injunction in part will be reversed. First, Arla contends the court incorrectly applied the Supreme Court's decision in *Lexmark* by finding that the five-step causal chain between the advertisement's intended audience and any injury to Elanco established a Lanham Act claim. Second, Arla argues that the court improperly conducted a "battle of the experts" regarding scientific evidence of the health effects of rbST. Third, Arla asserts that

4

the record evidence upon which the court relied upon should have been excluded or given diminished weight because the evidence either constituted unreliable hearsay-within-hearsay or was filed late. Fourth, Arla argues that the preliminary injunction does not comply with Rule 65(d) or Seventh Circuit precedent by failing to state the terms of the injunction specifically or in reasonable detail. *See Wis. Right to Life, Inc. v. Barland*, 751 F.3d 804, 830 (7th Cir. 2014). Finally, Arla asserts that it will suffer substantial and irreparable harm if a stay is not issued, that a stay will not substantially prejudice Elanco, and that the public interest is served by issuing a stay because it "should not be deprived of truthful advertising about the origins of the food it consumes." Pl.'s Mot. to Stay, ECF No. 42, at 5.

Arla's motion to stay the preliminary injunction pending appeal will be denied. As noted above, the legal standard for granting a stay pending appeal mirrors that for granting a preliminary injunction. I granted in part Elanco's motion for a preliminary injunction after already considering many of the same arguments Arla now asserts: that a five-step causal chain between an advertisement's audience and any injury is too remote to establish a Lanham Act claim; that evidence should have been excluded or given diminished weight as hearsay or untimely; and that Arla will suffer irreparable harm during the duration of a preliminary injunction, Elanco will not be prejudiced, and that the public interest is served by allowing the advertisements to continue. Rather than address those issues in detail, I will incorporate my conclusions set forth during the preliminary injunction hearing and in my decision on the motion for a preliminary injunction. Further, Arla's assertion that the preliminary injunction does not state its terms specifically and in reasonable detail without referring to the complaint or another document will be addressed in a separate order once Arla files its response to Elanco's 7(h) motion to modify the preliminary injunction order.

However, I will address Arla's assertion that I improperly conducted a '"battle of the experts" at the preliminary injunction stage. After considering the evidence presented by both parties, I concluded, at least at the preliminary injunction stage, that "there is a high likelihood that Elanco can demonstrate that milk from rbST-treated cows and from non-rbST–treated cows are not significantly compositionally different and are equally safe and healthy for human consumption." (ECF No. 37 at 16.) Arla argues that I should have applied the Fourth Circuit decision in *In re GNC Corp.*, 789 F.3d 505, 515 (4th Cir. 2015), which held that the test for allegedly false statements under the Lanham Act is whether "the scientific evidence regarding the [product at issue] is equivocal." Because studies exist which call into question the safety of rbST, Arla asserts that the scientific community has not yet reached a consensus which means that advertisements that address that very issue cannot be false.

The court properly examined the available evidence at the preliminary injunction stage. The type of advertising campaign in this case—which implicitly calls into question the safety of a product given to dairy cows—is particularly harmful for a company involved in food production. The evidence presented established the scientific community has studied the safety of rbST for more than 20 years and the FDA has repeatedly concluded that rbST is safe and effective for its intended uses. I found that where both federal (FDA) and international (JECFA) organizations have concluded that rbST poses no health risks and have considered and rejected the very evidence which Arla put forward to show a lack of scientific consensus, such evidence is sufficient at the preliminary injunction stage to determine that there are no significant compositional or safety differences between milk produced by rbST-treated and non-rbST–treated cows. A full review of the scientific evidence following discovery may very well result in a different conclusion, but at the preliminary

6

injunction stage Elanco has demonstrated a high likelihood that it will succeed on these grounds.

Accordingly, Arla's request for a stay of the preliminary injunction pending appeal will be denied.

## ORDER

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss plaintiffs' amended complaint for lack of standing and for the failure to state a claim (ECF No. 27) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion to stay the preliminary injunction pending appeal (ECF No. 42) is **DENIED**.

Dated this __11th__ day of July, 2017.

                 s/ William C. Griesbach
                 William C. Griesbach, Chief Judge
                 United States District Court